Good morning, Presiding Judge Murguia, and may it please the Court, my name is Thomas Phelan, appearing for Michael Weeks. This is a habeas matter. Let me begin by reminding the panel that no evidence whatsoever of incompetency was adduced at trial. And we allege that the reason for that is ineffective assistance of counsel, failure to investigate the life history of the client. On PCR... Do you agree that the trial record doesn't show any incidents or any occasions that would give counsel a reason to question competency? Arguably not. Well, like what came up during trial that would alert the counsel or the court to the need for a competency exam? Well, it's difficult to know, because any conversations between counsel and the client were privileged and unknown. Well, you said you knew. Well, tell me what you know. What I do know is that during this period, and unbeknownst to trial counsel for failure to investigate... Well, wait a minute. If it's unbeknownst to him, then he didn't know. Right. I said, what was there in the course of trial that alerted counsel or the court that there was a need for a competency exam? Well, at the outset, the defense filed a motion in limine to preclude any evidence of drug use by either the victim or my client. It was an open secret that Mr. Weeks and his wife had a considerable methamphetamine problem. And it was Michael's stated desire to keep that information from counsel, because as a 19-year-old layperson, he believed that if that information got out, it would only add to the misery that he was going through. Mr. Phelan, he was drug-tested throughout the course of the trial. I don't believe that's true, Your Honor. Well, I thought I saw reference in the record that this drug test came up negative, but tell me how... Right. What he did was, on his own and at the insistence of his then-new fiancée, submitted himself to the Southern Arizona Regional Medical Center because the wife knew, as did the rest of the family, that Mr. Weeks was behaving as a paranoid, delusional methamphetamine addict, and they wanted to get him help. This was between the two trials. Now, at the time, there was a single urinalysis conducted, and at that particular time, it was negative. At that particular time, what time was that? That was in between the mistrial of the first trial and the second one. Nevertheless, despite that clean urinalysis, the diagnosis of the Southern Arizona Regional Medical Center was quite plain, that Mr. Weeks suffered from methamphetamine-induced psychosis with audio and visual hallucinations, and that he needed treatment. Did Mr. Weeks have the same counsel on direct appeal that he had? No. I was counsel on direct appeal. You were the counsel on direct appeal. Yes. And I scoured the record for purposes of trying to find any evidence that I could raise on appeal with respect to competency, and there simply was none. So and I just want to make sure. Yes. Is Mr. Weeks, I think he's not, but is Mr. Weeks claiming that he was incompetent at the time of the direct appeal? No. We've not made an allegation. Okay. Is he competent now? He is certainly materially different than he was then. I don't have an expert opinion with respect to his competency today. When did he regain his competency? Well, when he was incarcerated at Arizona Department of Corrections, they immediately diagnosed him, as had been the case between the two trials, as suffering from methamphetamine-induced psychosis with audio and visual hallucinations, and the institution itself, the Department of Corrections, put him on a program of antipsychotic medication that lasted several years. Methamphetamine-induced psychosis can resolve, but it often takes years. And presently he is on no antipsychotic medication at DOC, but as I say, he was on those for several years. It's in the record. So. The Arizona trial-level collateral review court. Yes, sir. In the opinion talks about the contemporaneous competency examination. There was none. There was none, Your Honor. Well, she talks about it. Yes, and it's an intentional misrepresentation of the record with respect. What happened was, because this was a sex case, trial counsel sought and obtained what's called an examination for purposes of recidivism. It's a recidivism, you know, see whether or not the client is likely to commit again another sex offense because the sex offenses are considered to be something that continues. That evidence was never presented, arguably because it was not favorable. The cat got out of the bag during the course of PCR proceedings, and I think inappropriately. But the examining physician was never asked whether Mr. Weeks was competent. Moreover, the examination took place after trial. So, whatever the nature of the examination, which was specifically recidivism in a sex case, it certainly could not speak to competency for purposes of trial because the trial was over. So, one must be careful with the way the Cochise County PCR judge characterizes the record, Your Honor. There simply was no competency evaluation. Had there been, I would have raised the issue on appeal. But certainly the judge who presides over the trial, the original trial, in looking at this can consider the judge's own observations.  Yes. I agree with you. I mean, that's part of what you do as a trial judge before you make a competency error. And there's just nothing to suggest that there's a competency issue. Well, that's what the judge said. Well, that's what you just said, too, basically. I mean, you didn't get to see the demeanor, but you read the whole record and you didn't find any evidence. Well, I wasn't present. All I'm saying is it never became an issue at trial. Moreover, the judge, I think, said things with respect to his competency that are simply impossible. For instance, he opined on the nature and quality of Mr. Weeks's interactions with counsel, which, of course, the judge was not privy to because it's confidential. There was some settlement conference and the judge is there for that. That's correct. It's not a record. It's not a record. So they don't have a court reporter, but they're in and they talk. Correct. And the judge is there and talks. That's correct, Your Honor. I've read the defendant's trial testimony. He certainly seemed to know what he was talking about. Well, our expert, Dr. Morens, commented on the apparent sensibility of the testimony, and he noted that most of the answers were monosyllabic, clipped. There was no way to make an assessment based upon the question and answer whether he was incompetent. What I'd like to say, though, Judge, is that the evidence that was adduced at PCR was monolithic. It was overwhelming. It was unchallenged. The State failed even to plead in the PCR and adduced no significant evidence of any kind. Indeed, over my objection, the State was permitted to obtain an expert of its own to see whether or not Mr. Weeks was competent, and the State's own expert appointed over objection because they had failed to plead agreed with Mr. Weeks's expert that Mr. Weeks was not competent to be tried or to enter into a plea. And Respondents have not challenged. They made an election to put all their eggs in the basket of procedural default. So there's no challenge here on habeas. Well, let me just ask you, because in your brief, you state that waiver on appeal is inconsistently applied. Yes. And you cite a number of cases or a few cases, State v. West, Munninger. Yes. Did these cases involve a defendant raising a claim for the first time in post-convection relief setting, in a post-convection relief setting? Well, those cases deal with the contour of the appeal before the court of appeals. So the answer to my question is no. Well, I don't know that any of the cases there cited have a PCR appended to them. It's simply that issues not raised in the trial are sometimes entertained. And so the application of waiver on appeal in Arizona is self-consciously acknowledged to be inconsistent. I'm sorry. I'm not following you. What do you mean when you say what's your basis for that? Well, State v. West, which I believe is the case I cited, listed perhaps seven or eight examples of Arizona's inconsistent application of waiver on appeal. So I guess my question is, if the appellate courts have this discretion, as you're sort of alluding to, then why didn't you bring the competency claims on direct appeal? There was no record evidence or testimony to support it. I can't argue a claim. And the case law is clear. I can't argue a claim for which there is absolutely no record support. That's what PCR is for. These were all extra record facts adduced after lengthy investigation. But the fruits of the investigation were everywhere to be found. His family came in and testified as to his behavior. Michael himself testified as to his behavior. He had a diagnosis between the first and the second trial. And he had the Arizona Department of Corrections response to a psychotic, delusional inmate when he came to DOC. Arizona does have a procedure for raising on collateral review newly discovered evidence. That's true. But the newly discovered evidence But you didn't do that. I agree with you, Your Honor. The newly discovered evidence exception to preclusion requires that we show that the evidence did not exist and could not have been found at the time, which is inconsistent with our position, that the evidence did exist and could have been found at the time. Trial counsel failed to do so. So that otherwise there wouldn't be ineffective assistance if there was no evidence existing at the time, right? Well, that is our position. It did exist at the time. Trial counsel failed to do their duty of investigation that would have arguably revealed this monolithic. Well, if it existed at the time, then. Yes. How is it justified as newly discovered? What I'm saying is I did not use, nor did I invoke, the newly discovered evidence exception to preclusion in this case because our position was not that the evidence did not exist, but that it did, but trial counsel failed to investigate and to do so. So was it one or the other? It was either ineffective assistance or newly discovered. You could have pleaded that in the alternative. You put all your eggs in the ineffective assistance basket and lost that claim. Well, Your Honor, I wanted to be transparent. I believed and the evidence showed that the evidence of his incompetency was present and could have been discovered. It would have been, in my view, unethical bad faith to advance the newly discovered evidence exception because it simply, I couldn't meet it. I couldn't meet it. But the point is a demonstrably incompetent defendant was tried, convicted, and sentenced to 44 years in prison. And the fact of his incompetency has been unchallenged in state court and in habeas. So in all of the cases that the state relies upon to couch or to cloak this waiver on appeal, which is the reason for the exclusion, specifically distinguish between those cases where the default is based on waiver from others, like untimeliness, for instance. The Laflamme case, which I have objected to repeatedly as improperly before the Court, itself distinguishes between a case in which waiver is advanced as the excuse, if you will, and other cases. Because Pate versus ---- You're over time, so you need to wrap it up. Yes, I understand, Judge. I'm sorry. Go ahead. I just would like for you to ---- Your last thought. Just that, that waiver is sui generis. And if, as in this case, the State has imposed a waiver on a valid and monolithic claim of incompetence, the claim can be heard. Thank you. Thank you. I do want to reserve a minute, but ---- I'll see. Let's see what's ---- Okay. I gave you five and a half minutes. May it please the Court? Ginger Jarvis for the State of Arizona. The District Court properly found that these first two claims that are here before you, a substantive and a procedural competence claim, are both procedurally defaulted. Can you speak up? Thank you. I have this problem a lot. Is that better? Yes, thank you. Both of these claims are procedurally defaulted because they were not raised on direct appeal in the court of appeals for the State. Well, what about ---- this bothers me a little bit. What about Mr. Faden's position that, well, he couldn't raise it because there was nothing in the record on which to base it? Well, what should a lawyer do in that circumstance? It's like raising almost like a frivolous claim, isn't it? If there's no evidence of incompetence in the trial court, then the defendant was competent to stand trial. Oh, well, no, no, no. It depends upon evidence that's not in the record, like a lot of, you know, collateral review claims do. How can he raise it on direct appeal if there's nothing in the record? In this record, the defendant testified at trial. In addition, there was a settlement conference. Well, there's something ---- you agree there's something in the defendant's testimony that indicates a likelihood of incompetency? No. I think that his testimony shows that he was competent. So then you're agreeing with your opponents that there's nothing in the record that would support a claim that the defendant was incompetent, right? Well, to the extent that he is saying that there was no evidence of incompetence, he is saying there was no error because he was competent. No, respectfully, no. Don't you admit at least the theoretical possibility that somebody could in fact be incompetent without it being manifested in the record? I think that that would then undermine everything that a trial record is about. And in particular, it also shows what the United States Supreme Court warned against in Wainwright v. Sykes, that if there is not a contemporaneous objection or raising of an error at the trial court, then you are including perverse incentives. So that after there has been a trial with a jury and a defendant is there and he has been observed, that then after months, years later, you can claim retroactively that he was incompetent in violation of the record? So do I understand your position, then, that incompetence can never be raised on collateral  It can be raised on collateral. Surely, that's not the law. It can be raised on collateral review if it was raised and not precluded by State procedural rules. And if by you're talking about collateral review in Federal court, it has to have been raised and not procedurally defaulted in the State court under AEDPA and under Arizona's preclusion rules. So if he wanted to raise a competency issue, he needed to raise it on direct appeal. Even though that claim would be frivolous and a lawyer would be acting in If the claim is frivolous, Your Honor, respectfully, that's because it's not, that's because he was competent. Well, but you can't entertain the possibility that perhaps counsel was also incompetent or is also ineffective, didn't raise the, had the same counsel on appeal as the trial court, never raised it, and then get a new counsel on post-conviction relief and find out all these records when the defendant maybe never spoke that much during trial court? You're going to say that that's not a possibility? Well, the ineffective assistance of counsel claim, Your Honor, was raised on PCR, which is proper for the underlying claim of competence, and the trial court, which was also the PCR court, held an extensive hearing and dismissed it on the merits. And the IAC claim, I should add, is not certified on this, to this, on this record. Now, I understand that, but so the answer to my question is that you think it's never a possibility. Whether it's a possibility is a different question than whether or not procedural rules default the claim. So if it were a possibility, it would have come out in the hearing. The trial court had, the PCR court had a hearing on both the substantive claim of actual incompetence. I understand. Let me ask about that. That was never reviewed. So isn't it the case that that trial court, the post, the collateral review trial court's findings don't get any deference because they didn't get reviewed on appeal? I'm sorry, that's incorrect. It was, they did petition for review to the court of appeals. And the court of appeals denied review. Or because of procedural default. Denied relief. Because of procedural default. Well, they didn't review the merits, if that's what you're saying. The court of appeals dismissed the claim on, because it was, because the trial court didn't report incorrectly under Arizona rules, because the State had not filed a response. But isn't it the case that the findings of fact of the trial court on collateral review get no deference at all from us because the appellate court decided the case on an entirely different basis, procedural default? No, I don't think so. I think that you can look through. I mean, it's the last reason to decision. If you want to reach the merits No, the last reason decision was the appellate court made a decision that found procedural default. On a procedural default, merits, you can look at the merits. Well, this Court is precluded from looking at the merits because the claims are procedurally defaulted. Well, that's the question. So we don't get to look at the merits, even though the PCR trial court. I think if you want to look at the merits, you still have to give deference to the trial court's findings, the PCR court's findings. No, I understand that, but what's the basis? You have to allow us to look at the PCR court's merits findings. Well, isn't the cases that talk about the last reason's decision, Ilst v. Nenemaker, look through the But that's not the last reason to decision. The appellate decision It is on the merits. What's your authority? Give me a case. Because, I mean Because you procedurally defaulted, that you're precluded from looking? No, no, no. That allows us to look at the merits of the PCR decision. Well, I think that you could do that under AEDPA, under 2254. But I also think that you are procedurally precluded. These claims are procedurally defaulted under Martinez v. Monreal, under You're just saying whatever we want to do here, we're fine. And I guess I'm a little surprised by your argument, because it seems like from your briefing, that we have to look at the State Court of Appeals decision, which said this was procedurally defaulted. Am I incorrect, and that's how I interpreted your briefing? It is procedurally defaulted, yes. Okay. So, because it's procedurally defaulted, it was my understanding, and if I'm wrong, you need to, I want to give you this opportunity to tell me otherwise, then we really can't or shouldn't be looking at the PCR trial court's decision on the merits. I think if you want to reach the merits, which you are procedurally defaulted from doing, the best case, the best way to look at those merits is to look at the district, at the PCR court's findings, because it had a full hearing. What case, what rule allows us to do that, I guess, is what I'm asking. Well, you're asking me how do you go around the procedural default rules if you want to look at the merits, when the claimant is procedurally defaulted. Because you're suggesting that, that's the only reason I'm asking that. Well, if you want to look at the merits, the PCR courts are the best, because under Penholster and under 2254E2, you can't look at new evidence that was, if it were any, that was put in the, you can't remand in the district court for a hearing, because the state court has already ruled on this. Entertain for a moment the possibility that the panel would decide that there's not an enforceable procedural default. So then we go, and you say, look at the PCR, the collateral court's findings of fact after the competency hearing. If the claim was that those were clearly erroneous, then Arizona law would allow appellate review. There has been no appellate review, and now there's no opportunity for appellate review. So, why would we defer to a trial court's fact findings that have not been subject to the review that Arizona otherwise would provide? Because it's still the last reason decision. So even if an appellate court dismisses on procedural grounds, this court can look to the findings that the lower court in Arizona made. So if the appellate court makes a decision that's wrong, that we're going to overturn, the petitioner just lost the opportunity for appellate review on the merits. If the appellate, so you're saying that if this court found that the Arizona Court of Appeals must apply to its own procedural rules? No, if it's not a procedural default within the meaning of federal law, it survives. No, I understand, but if it is a procedural rule in Arizona that a claim I started by saying, entertain for just a moment, suspend your disbelief and entertain the possibility that we'll disagree with you on the procedural default issue. Then I would On the merits, there's just been no appellate review of the kind that Arizona ordinarily would provide. Right, but there has been, I mean, collateral review, like the PCR court is, in fact, collateral review. So there has, in fact, been State court findings on those factual issues. And it's a factual determination whether or not a defendant was substantively competent to see it. I did want to ask you one question. The collateral review appellate court referred to this as a trial error. Incompetence is not a trial error. It's a structural error. Isn't that right? So you're talking about the first, the Court of Appeals on direct appeal? On collateral review. On collateral review. Called this a trial error that had to be raised on direct appeal. But incompetence is not a trial error. It's a structural error, isn't it? Well, a structural error, Your Honor. Now you're talking about three different kinds of review that a court of appeals would do in Arizona, right? So if a defendant raises an issue in trial court and it goes to the court of appeals, then it will be reviewed for harmless error. If a defendant does not raise an issue in trial court, then it goes to the court of appeals as a review under a fundamental or structural error standard. In fact, so it still has to be raised in a trial court. I would have thought a trial error is something that you could look at what happened at the trial and decide whether it had an injurious impact on the proceeding. Right. But for incompetence, you can't look at the trial record and say, here's the ruling and here's how it affected the outcome. If the defendant is incompetent, it's like trying to defend a defendant who has no lawyer. It's a structural error. Well, but it is okay. So structural error generally comes from enumerated rights in the Bill of Rights, correct, on what, how the structure of a trial happens before a jury opens to the public, right to counsel. With a competent defendant. Competence comes from a general due process. Under Pate, it comes out of the due process clause. So it would still be evident in the trial record. All of those things are evident in the trial record, particularly in a case where the defendant testifies. All right. Thank you. Thank you very much. Yes, you'll have two minutes. I can be briefer than that, I hope. I can be briefer than that, I think. With respect to the failure to adduce incompetency of the client, I refer the panel to ODLE versus someone and Miles versus Stainer, both of which say that although counsel is in the best position to determine the competency or incompetency of his client, the failure to do so does not thereby prove that the client is competent. And in those cases, despite the fact that there was no evidence adduced during the trial proceeding, collateral review was entertained, and I believe both defendants got relief. Second, if a court, a state court, unambiguously invokes and relies upon a procedural bar that is later found to be inadequate, then review by this court is de novo. I refer the court to a case that was mine, James versus Ryan, which invoked, I believe, Cohn versus Bell, the United States Supreme Court decision. And there can only be one reasoned state court decision. One doesn't parse out the claims and say, well, only the PCR court decided on the merits, the competency issue. The court of appeals didn't, therefore the court of appeals decision is not on the merits. If we agree with all of that and you get to the point, isn't the question whether the district court, the Federal district court, should hold an evidentiary hearing controlled by the clear and convincing standard? One would have to look at this whole record and decide that a court could find by clear and convincing evidence that the defendant was, in fact, incompetent during the trial. Well, I'd have to think about the clear and convincing standard. But what I can do is talk about the McMurtry case, which I cited throughout my brief. In that case, what the district court did, and I don't know whether that's possible anymore, is remanded it to the state PCR court and ordered that a competency hearing be held there. And it did. The state court obliged and found him competent. And then the district court, upon return of McMurtry, reversed the finding of the Pima County Superior Court in that case. So you think it would be okay for the ruling in this case to be Arizona, go back, and they've had the competency hearing, Arizona Court of Appeals review that ruling on the merits? Yes. I'm sort of agree. Do you think McMurtry is the authority for that, or? Well, I mean, that's what happened in McMurtry. I know, but when was McMurtry? I think it was in the early 2000s, I believe. I'm not exactly sure, Judge. Do you know if it's a pre-EDPA case? Well, it depends. That case came up and down so many times, it's hard to know what point it was at in 1996. All I'm saying at this point, Judge, because I haven't frankly thought about it, is that it's highly likely that the hearing could and should take place in the federal district court. It's also possible because of the McMurtry case that a remand to the state court is proper. But my review of habeas cases recently is that habeas courts don't have the authority to order state courts to do anything other than retry the case within 60 days or release the defendant. So I'd be happy if we go down that road to do some thinking and briefing on it. That's all I have. Thank you very much. Okay. Thank you, Your Honor. Thank you very much. The case of Michael Ray Weeks versus Charles Ryan is now submitted.
judges: Tashima, Murguia, Hinkle